ATTEST AND CERTIFY
A TRUE COPY
Clerk
U.S District Court
Middle District of Tennessee
_____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE: )
)
CHURCH STREET HEALTH ) NO. 3:12-cv-00677
MANAGEMENT, LLC, *et al.*, ) Chief Judge Haynes
)
Debtors. )
)

## MEMORANDUM

This action was initiated by motion of National Union Fire Insurance Company of Pittsburgh, Pennsylvannia ("National Union") to withdraw the reference to the Bankruptcy Court and to modify the automatic stay. This motion is related to a prior action in this Court, <u>National Union Fire Insurance Company of Pittsburgh, Pa. v. Small Smiles Holding Company, LLC</u>, No. 3:10-cv-00743 ("Rescission Action"), that was dismissed without prejudice to reopen.

Before the Court is National Union's amended motion to withdraw the reference to Bankruptcy Court and to modify the automatic stay. (Docket Entry No. 2, Amended Motion to Withdraw). In essence, National Union moves to continue its prosecution of the Rescission Action for which the lifting of the automatic stay is necessary. The Debtors oppose this motion on the grounds that National Union has not shown cause to withdraw the reference to Bankruptcy Court. (Docket Entry No. 4, Debtor's Memorandum).

### A. PROCEDURAL HISTORY

The parties before the Court are National Union and the Debtors: Small Smiles Holding Company, LLC, n/k/a SSH DIP, LLC ("SSHC"), a Delaware corporation, and its affiliates. The Debtors provided management services to dental clinics across the country. Prior to this motion and

1

the underlying actions, National Union issued liability policies to SSHC and its affiliates. SSHC was the first named insured on these policies and certain of SSHC's affiliates and dental center employees qualified as named insureds. Under the policies, any insured named as a defendant may tender a civil action to National Union for defense and indemnity. (Docket Entry No. 2, Amended Motion to Withdraw at 3).

In 2007, federal and state governmental agencies began investigating the Debtors. Subsequently, individual plaintiffs filed legal actions against the Debtors with damages claims based upon treatment received at the Debtors' dental clinics.[1] The Debtors tendered these actions to National Union for defense and indemnity under the terms of the liability policies.

On August 5, 2010, National Union filed the Rescission Action in this District against the Debtors. (No. 3:10-cv-00743). In the Rescission Action, National Union sought a declaratory judgment that the policies between National Union and the Debtors were void or voidable *ab initio* and should be rescinded. National Union alleged that SSHC failed to disclose material information to National Union prior to the issuance of the policies. (No. 3:10-cv-00743, Docket Entry No. 1, Complaint). SSHC filed two counterclaims against National Union for National Union's violation of the Tennessee Consumer Protection Act and bad faith refusal to honor the insurance policies. On October 4, 2011, the Rescission Action was administratively closed pursuant to a joint motion by all parties subject to either party's right to petition the Court to reopen the case. Id. (Docket Entry

---

[1] There are: four actions in New York State Supreme Court, In re Small Smiles Litigation, No. 11-2128; one action in Ohio, Higgs et al. v. FORBA Holdings, LLC et al., No. CI0201101859, and; two actions in Oklahoma, Hernandez v. FORBA Holdings, LLC et al., No. CJ-2010-921 and Henry A. Meyer, III, as Gaurdian Ad Litem of Ivan Romero et al. v. FORBA Holdings, LLC et al., No. CJ-2011-921. (Docket Entry No. 2, Amended Motion to Withdraw at 3-4).

No. 197).

On February 20, 2012, the Debtors filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code. Pursuant to a Standing Order of this Court, the bankruptcy proceeding was referred to the Bankruptcy Judge for the Middle District of Tennessee. The Debtors'

> primary purpose ... was to facilitate the sale of substantially all of their assets under Section 363 of the Bankruptcy Code ... [and] [c]urrently, the Debtors are in the process of formulating a plan of liquidation, which the Debtors expect to file with the Bankruptcy Court within the next several weeks. The Debtors anticipate that under a confirmed plan, all of their remaining assets, i.e. the National Union Policies and the litigation claims, either will be transferred to the Committee, or will vest in a liquidating trust. Thus, upon effective date of a plan of liquidation, the Debtors, for all practical purposes, will cease to exist, and the real party in interest in the [Rescission Action] will be the Committee or its successor and/or a liquidating trustee.

(Docket Entry No. 4, Debtor's Memorandum at 8-9). The bankruptcy proceeding imposed an automatic stay on all pending litigation pursuant to 11 U.S.C. § 362.

Between February and May 2012, the plaintiffs in the state court litigation filed motions to lift the automatic stay to continue prosecuting their actions against the Debtors. The Bankruptcy Court entered an agreed order of the parties to lift the automatic stay for the state court litigation. (Docket Entry No. 4, Debtor's Memorandum at 7-8). National Union alleges that the Debtors will again tender National Union for defense and indemnity in those actions because of the stay relief. National Union seeks to reopen the Rescission Action and continue litigating the validity of the policies.

### B. CONCLUSIONS OF LAW

Section 157(d) of the Bankruptcy Code provides that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely

3

motion of any party, **for cause shown.**"[2] 28 U.S.C. § 157(d) (emphasis added). "[T]he 'cause' requirement for permissive withdrawal reflects congressional intent to have bankruptcy proceedings adjudicated in bankruptcy court unless rebutted by a contravening policy." Holland v. LTV Steel Co., Inc., 288 B.R. 770, 774 (N.D. Ohio 2002).

Permissive withdrawal of an automatic reference is limited. Congress did not intend § 157(d) to be "an escape hatch through which most bankruptcy matters will be removed to District Court from bankruptcy court." Official Comm. of Unsecured Creditors of Appalachian Fuels, LLC v. Energy Coal Res., Inc. (In re Appalachian Fuels, LLC), 472 B.R. 731, 737 (E.D. Ky. 2012). "[O]nly compelling cause warrants withdrawal from the automatic reference to bankruptcy under the non-mandatory provision." Wash. Mfg. Co. v. Citicorp N. Am., Inc. (In re Wash. Mfg. Co.), 133 B.R. 113, 116 (M.D. Tenn. 1991). In this action, National Union "must meet a high bar in order to justify permissively removing a matter from the capable hands of the Bankruptcy Court." Nukote Int'l, Inc. v. Office Depot, Inc., No. 3:09-0921, 2009 U.S. Dist. Lexis 106702, at *8 (M.D. Tenn. Nov. 16, 2009).

The Bankruptcy Code does not expressly define "cause" sufficient for withdrawal of an automatic reference. Courts developed a non-exhaustive list of factors to consider whether to withdraw a reference.

(1) whether the proceeding is "core" or "non-core;"

(2) the efficient use of judicial resources;

---

[2] The Court will only address the issue of permissive withdrawal. Section 157(d) also provides for mandatory withdrawal "if the court determines that resolution of the proceedings requires consideration of both title 11 and other laws of the United States." 28 U.S.C. § 157(d). Mandatory withdrawal is not an issue in this action.

4

(3) the delay and costs to the parties;

(4) promoting uniformity of bankruptcy administration;

(5) the prevention of forum shopping; and

(6) other related factors, such as expediency of the bankruptcy process and whether there has been a jury trial demanded.

Nukote, 2009 U.S. Dist. Lexis 106702, at *8; see also Orion Pictures Corp. V. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1101 (2d Cir. 1993). If "one or more of these factors is present, the court may find that cause exists to withdraw the matter." United States v. Kaplan, 146 B.R. 500, 504 (D.Mass. 1992).

### 1. Core vs. Non-Core Proceeding

National Union argues that its motion to modify the automatic stay to reopen the Rescission Action is a non-core proceeding. "[I]n considering . . . a withdrawal motion, 'whether a proceeding is core or non-core . . . is a central question.'" In re Appalachian Fuels, LLC, 472 B.R. at 737. Core proceedings arise in the context of bankruptcy and address issues governed by bankruptcy law. Nukote, 2009 U.S. Dist. Lexis 106702 at *10. In contrast, "if the proceeding does not invoke a substantive right created by federal bankruptcy law and is one that could exist outside of the bankruptcy" then a non-core proceeding is present. Mich. Employ. Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.), 930 F.2d 1132, 1144 (6th Cir. 1991). "Congress intended to interpret 'core proceedings' broadly; thus, proceedings which do not contain all the characteristics of a non-core proceeding will be determined to be core." Hughes-Bechtol, Inc. v. Ohio (In re Hughes-Bechtol), 141 B.R. 946, 949 (Bankr. S.D. Ohio 1992).

Section 157(b)(2) defines core proceedings, to "include, but are not limited to . . . motions

5

Case 3:12-cv-00677   Document 23   Filed 09/10/12   Page 5 of 10 PageID #: 296
Case 3:12-bk-01573   Doc 499   Filed 09/13/12   Entered 09/13/12 16:36:55   Desc Main
Document      Page 5 of 16

to terminate, annul, or modify the automatic stay." 28 U.S.C. § 157(b)(2)(G). A motion to modify the automatic stay, then, is expressly included in the statute as a "core proceeding." Id. § 157(b)(2)(G). The legislative history of § 157 explains that proceedings to modify an automatic stay are core bankruptcy proceedings because:

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy law. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.
>
> The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally. A race of diligence for the debtor's assets prevents that.

H.R. Rep. No. 595, 95th Cong., 1st Sess. 340, *reprinted in* 1978 U.S. Code Cong. & Admin. News. 5963, 6296.

Other characteristics of a non-core proceeding are: "(1) it is not specifically identified as a core proceeding under 28 U.S.C. § 157(b)(2)(B)-(N); (2) it existed prior to the filing of the bankruptcy case; (3) it would continue to exist independent of the provisions of Title 11; and (4) the parties' rights, obligations, or both are not significantly affected as a result of the filing of the bankruptcy case." Infotopoa, Inc. v. Twin City Fire Ins. Co. (In re Infotopia, Inc.), No. 4:07-cv-02936, 2007 WL 2859774, at *2 (N.D. Ohio Sept. 26, 2007) (citing In re Hughes-Bechtol, 141 B.R. at 948-49).

National Union's motion to "modify the automatic stay," is expressly listed in § 157 as a core proceeding. Moreover, the automatic stay did not exist prior to the filing of the Debtor's bankruptcy

6

Case 3:12-cv-00677   Document 23   Filed 09/10/12   Page 6 of 10 PageID #: 297
Case 3:12-bk-01573   Doc 499   Filed 09/13/12   Entered 09/13/12 16:36:55   Desc Main
Document   Page 6 of 16

proceeding. Yet, National Union argues that its motion should be withdrawn because the "decision whether or not to rescind the Policies is non-core because it does not address a right created by the Bankruptcy Code." This argument lacks merit. National Union's motion to withdraw the reference focuses on the automatic stay. The Bankruptcy Judge is well suited to determine whether to lift the automatic stay, as it is an issue of significant relevance to the Debtor's bankruptcy petition. The Bankruptcy Judge will not rule on whether to rescind the policies because the Rescission Action is before the District Court.

The Court concludes that National Union's motion to modify the automatic stay does not meet the characteristics of a "non-core proceeding," but involves a core proceeding.

### B. Efficient Use of Judicial Resources

The conclusion that this action involves a core proceeding influences the consideration of the remaining factors. Nukote, 2009 U.S. Dist. Lexis 106702 at *17. For example, if the proceeding is "non-core" then "courts have often concluded that judicial economy is better served by withdrawing the reference and allowing a court of general jurisdiction to resolve the matter." Id. Yet, here, the Bankruptcy Court has already determined whether to lift the automatic stay of the state court litigation. The Bankruptcy Court is in a better position to assess the issues in the bankruptcy petition and the effect of lifting the automatic stay. At this stage in the litigation, the Court deems denial of this motion to be an efficient use of judicial resources. Significantly, "the Debtors are in the process of formulating a plan of liquidation, which the Debtors expect to file with the Bankruptcy court within the next several weeks . . . [that will result in changing] the real party in interest in the [Rescission Action]." (Docket Entry No. 4, Debtor's Memorandum at 14).

National Union relies upon Trailer Source, Inc. v. Hyundai Translead, Inc., No. 3:10-cv-

7

Case 3:12-cv-00677   Document 23   Filed 09/10/12   Page 7 of 10 PageID #: 298
Case 3:12-bk-01573   Doc 499   Filed 09/13/12   Entered 09/13/12 16:36:55   Desc Main
Document   Page 7 of 16

00148, 2010 U.S. Dist. Lexis 30234 (M.D. Tenn. Mar. 29, 2010), for its motion to withdraw the reference. National Union argues that a District Judge has managed the Rescission Action and is "intimate[ly] familiar[] with the circumstances of the [Rescission Action] . . . [and] judicial economy dictates that this court should decide the motion" to modify the automatic stay. (Docket Entry No. 2, Amended Motion to Withdraw at ¶ 23) (quoting Trailer Source, 2010 U.S. Dist. Lexis 30224, at *2) (holding to withdraw the reference to bankruptcy court of the motion to modify the automatic stay due to the eight year long litigation history of the case in district court). The Court concludes that Trailer Source is not controlling. This member of the Court is unfamiliar with the Rescission Action. National Union can litigate the Rescission Action after the Bankruptcy Court determines whether to lift the automatic stay. The Bankruptcy Court is more "intimately familiar" with the law and facts to decide the automatic stay issue. Judicial economy supports the Bankruptcy Court's determination of National Union's motion.

## C. CONCLUSION

Here, the Court concludes that insufficient cause exists to withdraw the reference from the Bankruptcy Judge because a modification of an automatic stay is a core proceeding of bankruptcy courts. In addition, a review of the remaining factors are against withdrawing the reference. The Bankruptcy Judges of this District possess the knowledge, expertise, and procedures to provide any necessary relief. Thus, the Court concludes that insufficient cause exists to withdraw the reference to Bankruptcy Court.

For these reasons, National Union's motion to withdraw reference to the Bankruptcy Court for the Middle District of Tennessee should be denied.

An appropriate Order is filed herewith.

8

Case 3:12-cv-00677   Document 23   Filed 09/10/12   Page 8 of 10 PageID #: 299
Case 3:12-bk-01573   Doc 499   Filed 09/13/12   Entered 09/13/12 16:36:55   Desc Main
Document   Page 8 of 16

ENTERED this 10 day of September, 2012.

                                                WILLIAM J. HAYNES, JR.
                                                Chief Judge
                                                United States District Court

9

Case 3:12-cv-00677   Document 23   Filed 09/10/12   Page 9 of 10 PageID #: 300
Case 3:12-bk-01573   Doc 499   Filed 09/13/12   Entered 09/13/12 16:36:55   Desc Main
                      Document   Page 9 of 16

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CHURCH STREET HEALTH ) | NO. 3:12-cv-00677 |
| MANAGEMENT, LLC, *et al.*, ) | Chief Judge Haynes |
| ) | |
| Debtors. ) | |
| ) | |

## ORDER

In accordance with the Memorandum filed herewith, National Union Fire Insurance Company of Pittsburgh, Pennsylvania's Amended Motion to Withdraw Reference to Bankruptcy Court and to Modify the Automatic Stay to Continue to Prosecute an Action Seeking to Rescind Certain Insurance Policies (Docket Entry No. 2) is **DENIED**.

This action shall be transferred to the Bankruptcy Court of this District.

It is so **ORDERED**.

ENTERED this _10th_ day of September, 2012.

_____
WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court

ATTEST AND CERTIFY
A TRUE COPY
Clerk
U.S District Court
Middle District of Tennessee
By: _____
Deputy Clerk

CASE-CLOSED, KNOWLES

# U.S. District Court
# Middle District of Tennessee (Nashville)
CIVIL DOCKET FOR CASE #: 3:12-cv-00677

National Union Fire Insurance Company of Pittsburgh, PA
v. Church Street Health Management, LLC
Assigned to: Chief Judge William J. Haynes, Jr
related Case: 3:10-cv-00743
Case in other court: USBC/MDTN, 3:12-bk-01573
Cause: 28:0157 Motion for Withdrawal of Reference

Date Filed: 07/05/2012
Date Terminated: 09/10/2012
Jury Demand: None
Nature of Suit: 423 Bankruptcy Withdrawl
Jurisdiction: Federal Question

## Plaintiff

**National Union Fire Insurance Company of Pittsburgh, PA**

represented by **Bryan D. Leinbach**
Zeichner Ellman & Krause, LLP
575 Lexington Avenue
New York, NY 10022
(212) 223-0400
Fax: (212) 753-0396
Email: bleinbach@zeklaw.com
*ATTORNEY TO BE NOTICED*

**H. Buckley Cole**
Hall, Booth, Smith & Slover, P.C.
The Tower
611 Commerce Street
Suite 3000
Nashville, TN 37203
(615) 313-9911
Fax: (615) 313-8008
Email: hbcole@hbss.net
*ATTORNEY TO BE NOTICED*

**Michael S. Davis**
Zeichner Ellman & Krause, LLP
575 Lexington Avenue
New York, NY 10022
(212) 223-0400
Fax: (212) 753-0396
Email: mdavis@zeklaw.com
*ATTORNEY TO BE NOTICED*

V.

## Defendant

**Church Street Health Management, LLC**

represented by **Jason W. Callen**
Walker, Tipps & Malone

2300 One Nashville Place
150 Fourth Avenue, N
Nashville, TN 37219-2415
(615) 313-6007
Fax: (615) 313-6001
Email: jcallen@walkertipps.com
*ATTORNEY TO BE NOTICED*

**John H. Fontham**
King & Spalding LLP
1700 Pennsylvania Avenue, NW
Suite 200
Washington, DC 20006-4706
(202) 737-0500
Email: jfontham@kslaw.com
*ATTORNEY TO BE NOTICED*

**John M. Tipps**
Walker, Tipps & Malone
2300 One Nashville Place
150 Fourth Avenue, N
Nashville, TN 37219-2415
(615) 313-6000
Email: mtipps@walkertipps.com
*ATTORNEY TO BE NOTICED*

**John C. Tishler**
Waller, Lansden, Dortch & Davis, LLP
(Nashville)
Nashville City Center
511 Union Street
Suite 2700
Nashville, TN 37219
(615) 850-8756
Fax: (615) 244-6804
Email: john.tishler@wallerlaw.com
*ATTORNEY TO BE NOTICED*

**Kathleen G. Stenberg**
Waller, Lansden, Dortch & Davis
Nashville City Center
511 Union Street
Suite 2100
Nashville, TN 37219
(615) 244-6380
Fax: (615) 244-6804
Email: katie.stenberg@wallerlaw.com
*ATTORNEY TO BE NOTICED*

**Kenneth S. Leonetti**

        Foley Hoag LLP
        Seaport World Trade Center West
        155 Seaport Boulevard
        Boston, MA 02210-2600
        (617) 832-1000
        Fax: (617) 832-7000
        Email: kleonetti@foleyhoag.com
        *ATTORNEY TO BE NOTICED*

        **Robert P. Sweeter**
        Waller, Lansden, Dortch & Davis, LLP (Nashville)
        Nashville City Center
        511 Union Street
        Suite 2700
        Nashville, TN 37219
        (615) 244-6380
        Fax: (615) 244-6804
        Email: robert.sweeter@wallerlaw.com
        *ATTORNEY TO BE NOTICED*

        **Robert Jackson Walker**
        Walker, Tipps & Malone
        2300 One Nashville Place
        150 Fourth Avenue, N
        Nashville, TN 37219-2415
        (615) 313-6000
        Email: bwalker@walkertipps.com
        *ATTORNEY TO BE NOTICED*

**Defendant**
**Official Unsecured Creditors Committee**    represented by    **Courtney H. Gilmer**
        Baker, Donelson, Bearman, Caldwell & Berkowitz, PC (Nash)
        211 Commerce Street
        Suite 800
        Nashville, TN 37201
        (615) 726-5747
        Fax: (615) 744-5747
        Email: businessbknash@bakerdonelson.com
        *ATTORNEY TO BE NOTICED*

        **Edward Franklin Childress , Jr.**
        Baker, Donelson, Bearman, Caldwell & Berkowitz, PC (Memphis)
        First Tennessee Building
        165 Madison Avenue
        Suite 2000
        Memphis, TN 38103

(901) 577-2147
Fax: (901) 577-2303
Email: fchildress@bakerdonelson.com
*ATTORNEY TO BE NOTICED*

**John H. Rowland**
Baker, Donelson, Bearman, Caldwell &
Berkowitz, PC (Nash)
211 Commerce Street
Suite 800
Nashville, TN 37201
(615) 726-5600
Email:
businessbknash@bakerdonelson.com
*ATTORNEY TO BE NOTICED*

**Trustee**

US Trustee                    represented by  **Beth Roberts Derrick**
Office of the U. S. Trustee
701 Broadway
Suite 318
Nashville, TN 37203
(615) 736-2254
Email: beth.r.derrick@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/05/2012 | 1 | MOTION to Withdraw the Reference with incorporated Memorandum in Support filed by National Union Fire Insurance Company of Pittsburgh, PA. (Attachments: # 1 Proposed Order, # 2 USBC Docket Sheet 3:12-bk-01573) (af) (Entered: 07/06/2012) |
| 07/10/2012 | 2 | Amended MOTION to Withdraw Reference by National Union Fire Insurance Company of Pittsburgh, PA. (Attachments: # 1 Proposed Order Granting Motion to Withdraw)(Cole, H.) (Entered: 07/10/2012) |
| 07/12/2012 | 3 | MOTION/STIPULATION to Extend Deadline to File Response re 2 Amended MOTION to Withdraw Reference by National Union Fire Insurance Company of Pittsburgh, PA. (Cole, H.) Modified text on 7/13/2012 (tmw). (Entered: 07/12/2012) |
| 07/24/2012 | 4 | RESPONSE in Opposition re 2 Amended MOTION to Withdraw Reference filed by Church Street Health Management, LLC. (Attachments: # 1 Attachment Unpublished Cases)(Callen, Jason) (Entered: 07/24/2012) |
| 07/24/2012 | 5 | RESPONSE in Opposition re 2 Amended MOTION to Withdraw Reference filed by Official Unsecured Creditors Committee. (Attachments: # 1 Attachment In re Equip. Finders, Inc., 2011 WL 5507157)(Gilmer, Courtney) (Entered: 07/24/2012) |

| 07/30/2012 | 6 | MOTION for Leave to file Reply Brief by National Union Fire Insurance Company of Pittsburgh, PA. (Attachments: # 1 Attachment Proposed Reply Brief)(Cole, H.) Modified text on 7/31/2012 (tmw). (Entered: 07/30/2012) |
| --- | --- | --- |
| 08/02/2012 | 7 | MOTION for Hearing *and an initial case management conference* by National Union Fire Insurance Company of Pittsburgh, PA. (Cole, H.) (Entered: 08/02/2012) |
| 08/09/2012 | 8 | ORDER granting 6 Motion for Leave to File Reply. Signed by Chief Judge William J. Haynes, Jr on 8/9/12. (tmw) (Entered: 08/09/2012) |
| 08/09/2012 | 9 | REPLY to Response to Motion re 2 Amended MOTION to Withdraw Reference to the Bankruptcy Court and to Modify the Automatic Stay to Continue to Prosecute the Rescission Action, filed by National Union Fire Insurance Company of Pittsburgh, PA. (tmw) (Entered: 08/09/2012) |
| 08/16/2012 |  | NOTICE TO COUNSEL (***John H. Fontham and Kenneth S. Leonetti***): WITHIN 20 DAYS, counsel shall file a Motion to Appear Pro Hac Vice, a Certificate of Good Standing signed by the Clerk of a United States District Court where admitted, and pay a fee of $75.00 (LR 83.01(d)). (tmw) (Entered: 08/16/2012) |
| 08/21/2012 | 10 | MOTION for attorney(s) Michael S. Davis to Appear Pro Hac Vice (Fee not paid-due within 20 days) by National Union Fire Insurance Company of Pittsburgh, PA. (Attachments: # 1 Attachment Certificate of Good Standing, # 2 Proposed Order Order Allowing Michael S. Davis to Appear Pro Hac Vice)(Cole, H.) (Entered: 08/21/2012) |
| 08/21/2012 | 11 | MOTION for attorney(s) Bryan D. Leinbach to Appear Pro Hac Vice (Fee not paid-due within 20 days) by National Union Fire Insurance Company of Pittsburgh, PA. (Attachments: # 1 Attachment Certificate of Good Standing, # 2 Proposed Order Order Allowing Bryan D. Leinbach to Appear Pro Hac Vice)(Cole, H.) (Entered: 08/21/2012) |
| 08/21/2012 | 12 | ORDER re 3 Motion for Extension of Time to File Response re 2 Amended MOTION to Withdraw Reference. The motion is GRANTED and the response 4 is deemed timely filed. Signed by Chief Judge William J. Haynes, Jr on 8/21/12. (tmw) (Entered: 08/21/2012) |
| 08/21/2012 | 13 | ORDER re 7 Motion for Oral Argument and an ICMC. The motion for oral argument is GRANTED. Within 10 days counsel for the parties shall file an Agreed Order with a date and time for oral argument. Signed by Chief Judge William J. Haynes, Jr on 8/21/12. (tmw) (Entered: 08/21/2012) |
| 08/22/2012 |  | Bar status of Attys Michael S. Davis and Bryan D. Leinbach of NY verified as active this date. (tmw) (Entered: 08/22/2012) |
| 08/23/2012 | 14 | RECEIPT #34675023045 in the amount of $150, PHV fees for Attys Leinbach and Davis, re 10 and 11 Motions to Appear Pro Hac Vice. (tmw) (Entered: 08/24/2012) |
| 08/27/2012 | 15 | ORDER granting 11 Motion for Bryan D. Leinbach to Appear Pro Hac Vice. Signed by Chief Judge William J. Haynes, Jr on 8/27/12. (tmw) (Entered: 08/27/2012) |

| | | |
|---|---|---|
| 08/27/2012 | 16 | ORDER granting 10 Motion for Michael S. Davis to Appear Pro Hac Vice. Signed by Chief Judge William J. Haynes, Jr on 8/27/12. (tmw) (Entered: 08/27/2012) |
| 08/28/2012 | 17 | MOTION for attorney(s) Kenneth S. Leonetti to Appear Pro Hac Vice (Fee paid) by Church Street Health Management, LLC. (Callen, Jason) Modified text on 8/31/2012 (hb). (Entered: 08/28/2012) |
| 08/28/2012 | 18 | CERTIFICATE OF GOOD STANDING of Attorney Kenneth S. Leonetti from the United States District Court for the District of Massachusetts filed by Church Street Health Management, LLC. (Callen, Jason) (Entered: 08/28/2012) |
| 08/29/2012 | | Bar status of Atty Kenneth S. Leonetti of MA verified as active this date. (tmw) (Entered: 08/29/2012) |
| 08/29/2012 | 19 | ORDER granting 17 Motion for Kenneth S. Leonetti to Appear Pro Hac Vice (PHV FEE NOT PAID). Signed by Chief Judge William J. Haynes, Jr on 8/29/12. (tmw) (Entered: 08/29/2012) |
| 08/31/2012 | 20 | RECEIPT #34675023149 in the amount of $75.00 re 17 Motion for Kenneth S. Leonetti to Appear Pro Hac Vice. (hb) (Entered: 08/31/2012) |
| 08/31/2012 | 21 | MOTION for Hearing by National Union Fire Insurance Company of Pittsburgh, PA. (Cole, H.) (Entered: 08/31/2012) |
| 09/04/2012 | 22 | ORDER granting 21 Motion for Additional Time to Comply with Court's Order to Submit Agreed Order with Hearing Date. Signed by Chief Judge William J. Haynes, Jr on 9/4/12. (tmw) (Entered: 09/04/2012) |
| 09/10/2012 | 23 | MEMORANDUM and ORDER: In accordance with the Memorandum filed herewith, National Union Fire Insurance Company of Pittsburgh, Pennsylvania's Amended Motion to Withdraw Reference to Bankruptcy Court and to Modify the Automatic Stay to Continue to Prosecute an Action Seeking to Rescind Certain Insurance Policies 2 is DENIED. This action shall be transferred to the Bankruptcy Court of this District. It is so ORDERED. Signed by Chief Judge William J. Haynes, Jr on 9/10/12. (Cert copy to U.S. Bankruptcy Court for the MD/TN) (Attachments: # 1 Text Searchable Memo and Order)(DOCKET TEXT SUMMARY ONLY- ATTORNEYS MUST OPEN THE PDF AND READ THE ORDER.) (tmw) (Entered: 09/10/2012) |