IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Chapter 11 |
|    CS DIP, LLC (f/k/a Church Street | § | Case No. 12-01573 |
|    Health Management, LLC), | § | Judge Lundin |
| | § | Jointly Administered |
|    SSHC DIP, LLC (f/k/a Small Smiles | § | |
|    Holding Company, LLC), | § | |
| | § | |
|    FNY DIP, LLC (f/k/a FORBA NY, LLC) | § | |
| | § | |
|             Debtors. | § | |
| | § | |
| DAN B. LAIN, solely in his capacity as | § | |
| Plan Agent for and on behalf of CS | § | |
| DIP, LLC, SSHC, DIP, LLC, and | § | |
| FNY DIP, LLC, | § | |
| | § | |
|             Plaintiff, | § | Adv. Pro. No. _____ |
| | § | |
| v. | § | |
| | § | |
| KING & SPALDING LLP | § | |
| | § | |
|             Defendant. | § | |

___

**COMPLAINT OF DAN B. LAIN, SOLELY IN HIS CAPACITY AS PLAN AGENT FOR AND ON BEHALF OF CS DIP, LLC, SSHC DIP, LLC AND FNY DIP, LLC, TO AVOID TRANSFERS PURSUANT TO 11 U.S.C. § 547 AND TO RECOVER PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550**

___

Plaintiff, Dan B. Lain, solely in his capacity as Plan Agent for and on behalf of CS DIP, LLC, SSHC, LLC, and FNY DIP, LLC, ("Plaintiff") states as his Complaint against Defendant King & Spalding LLP ("Defendant") to avoid transfers pursuant to 11 U.S.C. § 547 and to recover property transferred pursuant to 11 U.S.C. § 550 as follows:

## Jurisdiction, Venue, and Parties

1. Plaintiff brings this action pursuant to Fed. R. Bankr. P. 7001(1).

2. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(E), (F), and (O).

3. Venue of this action is proper in this district pursuant to 28 U.S.C. § 1409. This proceeding arises in and relates to a bankruptcy case pending in this district and the claims alleged herein arose in this district.

4. On February 20, 2012 and February 21, 2012 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Tennessee (the "Bankruptcy Court"). The Debtors' bankruptcy proceedings were jointly administered as Case No. 12-01573 in the Bankruptcy Court (the "Bankruptcy Case")

5. On January 9, 2013, the Debtors and the Official Committee of Unsecured Creditors filed the Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (as modified by Bankruptcy Case, Docket Entry Nos. 620 and 647, the "Plan[1]"). [Bankruptcy Case, Docket Entry No. 578].

6. On March 7, 2013, the Bankruptcy Court entered an Order (the "Confirmation Order") confirming the Plan. [Bankruptcy Case, Docket Entry No. 653].

7. Under the Plan, the Debtors, through the Plan Agent, possess the right to pursue certain causes of action, including those actions arising under Chapter 5 of the Bankruptcy Code.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in Plan.

8.   Pursuant to the terms of the Confirmation Order, the Effective Date of the Plan was established as April 15, 2013. On that date, the Equity Interests of the Debtors were transferred as provided for in the Plan, and the Liquidating Trust became the sole member of each of the Debtors. Additionally, on the Effective Date, the Debtors, the Plaintiff, and the members of the Liquidating Trust Advisory Committee executed the Liquidating Trust Agreement. Under the terms of the Plan, the Liquidating Trust became the beneficiary of any and all Causes of Action held by the Debtors' estates.

9.   Defendant is a limited liability partnership and may be served through its Chairman, Robert D. Hays, at 1180 Peachtree Street, NE, Atlanta, Georgia 30309. Nationwide service of process by first-class mail postage prepaid is authorized pursuant to Fed. R. Bankr. P. 7004(b) and (d).

10.   This Court has personal jurisdiction over the Defendant because the Defendant conducts business in the United States, directed activities toward the Debtors in the United States, and/or the transfers at issue occurred in the United States.

**Background**

11.   Debtor SSHC DIP, LLC (f/k/a Small Smiles Holding Company, LLC) ("SSHC") was formed in Delaware in September 2006. SSHC was the parent of a group of companies which were headquartered in Nashville, Tennessee that, as of the Petition Date, were organized to provide dental practice management services to 67 dental centers (collectively, the "Dental Centers") servicing low income and underprivileged families in 22 states across the country.

12.   SSHC DIP, LLC owned 100% Equity Interest in CS DIP, LLC (f/k/a Church Street Health Management, LLC) ("CSHM"), which in turn owned 100% Equity Interests in FNY DIP, LLC (f/k/a FORBA NY, LLC) ("FNY"), FS DIP, Inc. (f/k/a FORBA Services, Inc. ("FS") and EE DIP, Inc. (f/k/a EEHC, Inc.) ("EEHC").

13.  CSHM was originally formed as Forba Holdings, LLC. In late 2010, Forba Holdings, LLC ratified Articles of Amendment changing the entity name to CSHM.

### The Debtors' Relationship With Defendant

14.  Prior to the Petition Date, Defendant served as primary legal counsel for the Debtors on the vast majority of legal issues for which the Debtors engaged outside counsel.

15.  While not comprehensive, particular engagements for which the Debtors engaged the Defendant to perform legal services on its behalf include the following:

   a. On November 12, 2007, CSHM engaged Defendant to provide it legal services in conjunction with certain federal and state investigations related to the operations of the Dental Centers. On November 16, 2007, CSHM and Defendant executed that certain Agreement for Legal Services to set forth terms on which Defendant would provide legal services to CSHM (the "<u>Investigation Engagement Letter</u>"). A true and correct copy of the Investigation Engagement Letter is attached hereto as **Exhibit A**.

   b. On November 24, 2010, FS, SSHC, and CSHM engaged Defendant to provide them legal services in conjunction with a putative class action complaint. The terms on which Defendant would provide legal services to FS, SSHC, and CSHM are memorialized in that certain Agreement for Legal Services of that same date (the "<u>Class Action Engagement Letter</u>"). A true and correct copy of the Class Action Engagement Letter is attached hereto as **Exhibit B**.

16.  The Class Action Engagement Letter states that at the time it was executed Defendant continued to represent CSHM in conjunction with the federal and state investigations identified in the Investigation Engagement Letter.

17. The Investigation Engagement Letter and the Class Action Engagement Letter each state that "[s]tatements normally will be rendered monthly for work performed and expenses incurred the previous month. Payment is due promptly upon receipt of our statement. If any statement remains unpaid for more than 90 days, we may cease performing services for you."

18. On March 1, 2012, the Debtors filed an Expedited Application for Authority to Employ and Retain Defendant as Debtors' Special Healthcare Investigation and Litigation Counsel *Nunc Pro Tunc* to the Petition Date (the "Employment Application"). [Bankruptcy Case, Docket Entry No. 96]. As is stated in the Employment Application, the Debtors employed the Defendant as special counsel, in part, due to its familiarity with the Debtors' businesses.

19. Graciela M. Rodriguez, in her capacity as a partner in Defendant, submitted a Declaration in support of the Employment Application (the "Rodriguez Declaration"). [*Id.*, Ex. B]. According to the Rodriguez Declaration, the Defendant received approximately $969,981.46[2] from the Debtors within the 90 days prior to the Petition Date (the "Preference Period").

## COUNT ONE
### (*Avoidance of Preference Transfers* - 11 U.S.C. § 547)

20. Plaintiff incorporates by reference each of the allegations above as if fully set forth herein.

21. Plaintiff is seeking to avoid all the transfers made by the Debtors to the Defendant during the Preference Period.

---

[2] The Employment Application identifies payments from the Debtors to the Defendant in the amount $969,891.46 within the 90 days prior to the Petition Date; however, Paragraph 12 of the Rodriguez Declaration states that the amount received was $969,981.46.

22. Plaintiff has determined, and the Defendant has acknowledged, that the total amount paid by the Debtors to the Defendants during the Preference Period is not less than $969,891.46 (the "Transfers"), as set forth in the payment history attached hereto as **Exhibit C**.

23. These Transfers each originated from an account held at Pinnacle National Bank in the name of Church Street Health Management LLC, identified as Account Number 5269XXX (the "Account"), as set forth in the reconciliation attached hereto as collective **Exhibit D**.

24. The Account is further identified as CSHM's personal property in its Statements and Schedules. [Bankruptcy Case, Docket Entry No. 213, p. 18].

25. During the course of this proceeding, the Plaintiff may learn (through discovery or otherwise) of additional transfers made by the Debtors to the Defendant during the Preference Period. Plaintiff intends to avoid and recover all transfers made by the Debtors of an interest in the Debtors' property to, or for the benefit of, the Defendant. Plaintiff reserves the right to amend this Complaint to include further information on the Transfers, additional transfers, revision of Defendant's name, additional defendants, and/or additional causes of action (collectively, the "Amendments"), that may become known to the Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this Complaint.

26. At the time of each of the Transfers, the Defendant was a "creditor" within the meaning of Section 101(10) of the Bankruptcy Code.

27. Each of the Transfers constitutes a transfer of an interest of property of the Debtors within the meaning of Section 101(54) of the Bankruptcy Code.

28. Each of the Transfers was to, or for the benefit of, the Defendant.

29. Each of the Transfers was made for or on account of an antecedent debt owed by Debtors before such transfer was made.

30. Each of the Debtors were insolvent at all times during the 90 days prior to the Petition Date.

31. Each of the Transfers was made while the Debtors were insolvent.

32. Each of the Transfers was made during the 90-day preference period under Section 547(b)(4) of the Bankruptcy Code.

33. As a result of the Transfers, the Defendant received more than it would have received if (i) the Debtors' cases were under Chapter 7 of the Bankruptcy Code; (ii) the transfers had not been made; and (iii) the Defendants received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

34. By letter dated August 2, 2013, Plaintiff made written demand on the Defendant to return the Transfers.

35. As of the filing of the instant adversary proceeding, the Defendant has not returned the Transfers.

36. Each of the Transfers constitutes a preference transfer avoidable by the Plaintiff pursuant to Section 547(b) of the Bankruptcy Code.

## COUNT TWO
### (*Recovery of Avoided Transfers* - 11 U.S.C. § 550)

37. Plaintiff incorporates by reference each of the allegations above as if fully set forth herein.

38. Defendant was the initial transferee of the Transfers, or the immediate transferee of such initial transferee, or the person for whose benefit the Transfers were made.

39. Pursuant to Section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover the Transfers from the Defendant, plus interest thereon to the date of payment, and the costs of this action.

**Prayer for Relief**

WHEREFORE, the Plaintiff requests that this Court grant him the following relief against the Defendant:

A. Avoiding the Transfers described above under 11 U.S.C. § 547(b);

B. Granting judgment in favor of the Plaintiff against the Defendant in the amount of $969,891.46;

C. Requiring the Defendant to immediately pay the amount of the Transfers to the Plaintiff pursuant to 11 U.S.C. § 550(a);

D. Awarding Plaintiff pre-judgment and post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs; and

E. For any such other, further, or different relief to which Plaintiff may be entitled.

Respectfully Submitted,

*/s/ John H. Rowland*
John H. Rowland (BPR#13944)
Courtney H. Gilmer (BPR # 022131)
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
(615) 726-5544(telephone)
(615) 744-5544 (facsimile)
Email for ECF purposes:
businessbknash@bakerdonelson.com

E. Franklin Childress, Jr. (BPR# 07040)
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901)577-2147
Facsimile: (901) 577-2303
Email: fchildress@bakerdonelson.com

*Counsel for Dan B. Lain, solely in his capacity as Plan Agent for and on behalf of CS DIP, LLC, SSHC DIP, LLC, and FNY DIP, LLC*